**Nesenoff & Miltenberg LLP**
New York | Boston | Palo Alto

ATTORNEYS AT LAW
nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg

Stuart Bernstein
Tara J. Davis
Gabrielle M. Vinci
Christine Brown

Barbara H. Trapasso
Adrienne D. Levy
Regina M. Federico
Ben Goldstein
Amy Zamir
Kristen Mohr
Helen Setton
Julie Sacks

Kara L. Gorycki
Susan E. Stark
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

December 8, 2023

**VIA CM/ECF**
David J. Smith, Clerk of the Court
United States Court of Appeals for the Eleventh Circuit
Elbert P. Tuttle Courthouse
56 Forsyth Street NW
Atlanta, Georgia 30303

  Re: *Doe v. Emory University*, No. 22-13293
     Plaintiff-Appellant John Doe's Response to Defendant-Appellee
     Emory University's Notice of Supplemental Authority

To the Court:

Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiff-Appellant John Doe hereby submits his response to Defendant-Appellee Emory University's Notice of Supplemental Authority (ECF No. 43-1). As an initial matter, this Court may disregard Emory's Notice for failure to comply with Rule 28(j)'s mandate to file "promptly" after the noticed decision was issued. *Doe v. Rollins* was issued on August 14, 2023, yet Emory waited nearly four months to file its Notice. Substantively, Plaintiff submits that *Rollins* is largely inapposite here, and where it does apply, it supports Plaintiff's position.

First, *Rollins* was a summary judgment decision, whereas the instant appeal stems from a Rule 12(b)(6) motion to dismiss. Thus, to the extent the *Rollins* court found certain *evidence* to be insufficient to support a finding of gender bias, such findings are inapplicable here. The *Rollins* court did not hold, as relevant here, that certain categories of evidence can *never* make out gender bias; it merely held that the specific evidence put forth by that plaintiff did not adequately support gender bias.



*Doe v. Emory University*, No. 22-13293
Appellant's Response to F.R.A.P. 28(j) Notice
December 8, 2023
Page 2 of 2

*See Rollins*, 77 F.4th at 1356–60. For example, the *Rollins* court's conclusion regarding the school's sexual misconduct prevention training turned in part on the complete content of all such materials and whether the investigator was privy to such presentations. *Id.* at 1356–57. These are fact issues that must be developed through discovery.

Second, Emory's contention that *Rollins* forecloses Plaintiff's argument on the issue of "alternative explanations", misunderstands Plaintiff's argument. Supreme Court precedent dictates that the question of pretext in discrimination cases (*i.e.*, alternative explanations for the allegedly discriminatory conduct) is a substantive issue inappropriate for resolution on the pleadings. *See* Reply Brief (ECF No. 31) at 5-9. In *Rollins*, the district court found the Title IX allegations sufficient to survive a Rule 12 motion (*Doe v. Rollins*, 352 F. Supp. 3d 1205, 1209–10 (M.D. Fla. 2019)) and only resolved the pretext issue on summary judgment. That is precisely what Plaintiff is advocating for here.

Plaintiff respectfully submits that *Doe v. Rollins,* 77 F.4th 1340 (11th Cir. 2023), does not support Emory's arguments in this appeal.

Respectfully Submitted,

**NESENOFF & MILTENBERG, LLP**

By: /s *Adrienne Levy*

Adrienne Levy, Esq.
363 Seventh Avenue, Fifth Floor
New York, NY 10001
(212) 736-4500
Alevy@nmllplaw.com

## **CERTIFICATE OF COMPLIANCE**

1.  This document complies with the type-volume word limit of Fed. R. App. P. 28(j) because, excluding the parts of the document exempted by 11th Cir. I.O.P. 28(6), this document contains 350 words. I relied on my word processor, Microsoft Word (version 16.79.1), to obtain the count.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a typeface using serifs (Times New Roman) in 14-point font.

　　　　　　　　　　　　　　　　　／s *Adrienne Levy*
　　　　　　　　　　　　　　　　　Adrienne Levy, Esq.